```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,                     :
                                              :       ORDER
v.                                            :
                                              :       S5 13 CR 835-1 (VB)
JOHN CREWS, JR.,                              :
                            Defendant.        :
--------------------------------------------------------------x
```

For the reasons set forth below, defendant John Crews, Jr.'s "Motion to Correct Sentencing Computation by Judicial Recommendation of Properly Applied Commencement Date" (Doc. #157) is DENIED.

Background

In 2013, shortly after his release from state prison at the completion of a three-year sentence for drug trafficking, and while he was serving a three-year term of post-release supervision, Crews embarked on a violent crime spree in and around Middletown, New York, in which he committed ten separate armed robberies or attempted armed robberies in the span of one month. He and others robbed stores, gas stations, restaurants, a bar, a bakery and private homes. One victim was tasered, another was pistol-whipped. Some of the robberies were committed in the presence of children. Crews brandished a gun in every one of the robberies, the sole purpose of which was to terrorize the victims into complying with his demands for money. At the time, Crews had five prior convictions, including three felony drug convictions, as well as a felony conviction for escape and a misdemeanor conviction for conspiracy to smuggle marijuana into a correctional facility.

In 2015, pursuant to a plea agreement, Crews pleaded guilty to conspiracy to commit Hobbs Act robberies and brandishing a firearm in furtherance of a crime of violence, specifically the Hobbs Act robbery conspiracy. The applicable Sentencing Guidelines range was 262 to 327 months' imprisonment, with a mandatory minimum sentence of 84 months. On April 8, 2016, this Court sentenced Crews to total term of 204 months' imprisonment. Thereafter, following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), which required that the firearms conviction be vacated, Crews was resentenced on the Hobbs Act robbery conspiracy count. The Court recalculated the Guidelines range at 168 to 210 months' imprisonment, and sentenced Crews to 168 months' imprisonment, which was 36 months less than his original sentence.

At both the 2016 sentencing and 2020 resentencing, an issue arose as to the impact, if any, on the federal sentence of Crews's violation of the term of post-release supervision that had been imposed as part of his 2010 state drug trafficking conviction. The parties have referred to this violation as a parole violation. For ease of reference and consistency, the Court will do so as well.

The relevant facts as to the parole violation are as follows:  Crews received a three-year prison sentence to be followed by three years of post-release supervision for the 2010 state drug trafficking conviction.  He was released from state prison on April 5, 2013.  On August 21, 2013, Crews was arrested on a parole violation warrant for failing to abide by his curfew and changing his approved residence without permission.  On August 22, 2013, Crews was charged in state court with certain of the robberies that were later charged in the instant federal case.  Additional parole violation charges relating to these robberies were added later.

On September 3, 2013, while Crews's parole violation was pending, Crews was charged in a complaint in this Court with Hobbs Act robbery and brandishing a firearm in furtherance of a crime of violence.  He was taken into federal custody, via writ, on September 4, 2013.  By December 2013, all the state robbery charges had been dismissed in deference to the pending federal case.  However, Crews's parole violation proceedings remained pending.

At a parole violation hearing on January 13, 2016, several of the charges relating to the robberies were sustained, and Crews was sentenced to a "parole hold" of 31 months.  That parole hold—<u>i.e.</u>, the sentence for the parole violation—ended on March 21, 2016.  At that point, because he was no longer being held on the state parole violation, Crews became a federal prisoner.

At Crews's sentencing in 2016, Crews argued he should be given credit, or his sentence should otherwise be reduced, to account for the approximately 31 months he spent in custody on the state parole violation, because the parole violation was based, at least in part, on the conduct that was also the basis of his federal conviction.  The Court, in an exercise of its discretion, declined to do so, concluding that the sentence imposed was sufficient but not greater than necessary to satisfy the sentencing objectives of 18 U.S.C. § 3553(a).

At Crews's resentencing in 2020, after considering the extraordinarily dangerous and violent nature of the offense (ten gunpoint robberies in the span of one month), as well as Crews's lengthy criminal history (multiple prior felony convictions), the Court imposed a sentence of  168  months' imprisonment, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.  The sentence imposed was at the bottom of the applicable range (and 36 months less than the sentence originally imposed) to account for several mitigating factors.  First, Crews had done extremely well in custody since 2016, having successfully completed 27 educational and training programs, making it less likely that he would recidivate upon his release.  Second, Crews had a truly bleak upbringing, including exposure to drugs and violence at an early age, which certainly contributed to his criminal record.  And third, although the Court declined to give Crews as much credit as he requested as a result of his 31-month parole violation sentence, the Court did take into account the fact that Crews probably spent more time than in state custody on the parole violation than he would have had he resolved that matter sooner, and thus started serving his federal sentence sooner.

The Bureau of Prisons ("BOP") has determined that Crews's prison sentence commenced running on March 22, 2016, the day after he completed his state parole violation sentence and thus became a federal prisoner.

The Instant Motion

       Based principally on what he calls "newly discovered evidence," Crews has again asked that the Court reduce his sentence to account for the time he spent in state custody on the parole violation. Specifically, he asks the Court to order that his 168-month sentence commenced to run on September 4, 2013—the date he was writted into federal custody to face charges contained in the federal complaint dated September 3, 2013—rather than on March 22, 2016, the commencement date calculated by the BOP. In the alternative, Crews asks that in the event the Court does not have the authority to issue such an order, his motion should be construed as a motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c).

       These requests are denied as without merit.

       First, the "newly discovered evidence" Crews presents is not actually newly discovered. It consists of a one page document entitled "Supplement to Conditions of Release" (Doc. #157, Ex. B part 2), which was provided to Crews by the New York State Department of Corrections and Community Supervision. Crews acknowledged receipt of the document on March 22, 2016, which was several weeks prior to his original sentencing in this case. Thus, it is plainly not newly discovered evidence.

       Second, Crews contends the Supplement to Conditions of Release document shows he was still in state custody on the parole violation until May 2, 2016, meaning that his parole violation sentence was "undischarged" at the time of his original federal sentence on April 8, 2016. This is not correct. There is no question that at his parole violation hearing on January 13, 2016, Crews was sentenced to a "parole hold"—i.e., the sentence for the parole violation—of 31 months. That hold ended on March 21, 2016. The March 22, 2016, Supplement to Conditions of Release form, issued after he completed his parole violation sentence, states that Crews's "sentence has been recomputed" because his violation "caused an interruption of [his] sentence." It also states that Crews was "being restored to community supervision" (i.e., parole) with May 2, 2016, being the "maximum expiration date of [his] sentence." In other words, the recomputed sentence to which the document refers is the maximum expiration date of his three-year term of parole, not the sentence imposed for his parole violation.

       Third, Crews's motion is essentially a challenge to the BOP's sentence computation, i.e., the date the BOP determined that Crews's prison sentence commenced running, March 22, 2016. Indeed, Crews says that he is not asking for a reduction of his sentence by 31 months, but rather that the Court order that his sentence commenced running on September 4, 2013. The jurisdictional basis for such a challenge to the execution of sentence, rather than the legality of sentence, is 28 U.S.C. § 2241. See Roccisano v. Menifee, 293 F.3d 51, 57 (2d Cir. 2002) ("Under § 2241, a prisoner may challenge the 'execution of [his] sentence,' such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention.") And the venue for such a challenge is the federal district where the defendant is incarcerated. See United States v. Needham, 460 F. Supp. 3d 323, 325 (S.D.N.Y. 2020) (citing Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004)). Because Crews is currently confined at FCI McKean, in Bradford, Pennsylvania, which is located in the Western District of Pennsylvania, this Court does not have venue for Crews's challenge to the execution of sentence.

Fourth, contrary to Crews's assertion, Section 5G1.3(b) of the U.S. Sentencing Guidelines does not constitute a basis for modifying the sentence previously imposed in this case. That section certainly does not give the Court any legal authority to recalculate his sentence now.

Moreover, by its terms, Section 5G1.3(b) applies only when a defendant is serving an "undischarged" term of imprisonment at the time the sentence for the instant offense is imposed. Here, Crews was not serving an undischarged term of imprisonment because the parole violation sentence had ended before the Court imposed sentence for the instant offense.

In addition, even if the parole violation sentence was undischarged (which it was not), Section 5G1.3(b) would not apply because the parole violation sentence did not "result[] from another offense that is relevant conduct to the instant offense of conviction." U.S.S.G. § 5G1.3(b). When a defendant "is imprisoned as a result of his violation of the terms of his parole, the 'offense' that 'results' in his imprisonment is, for the purposes of § 5G1.3(b), the underlying prior offense of conviction, not the conduct violative of his parole conditions." United States v. Fermin, 252 F.3d 102, 108 (2d Cir. 2001). Thus, the offense that resulted in Crews's parole hold of 31 months was his 2010 state drug trafficking conviction, not the robberies which formed a part of the basis of his parole violation. Plainly, the conduct underlying Crews's 2010 drug trafficking offense was entirely unrelated to the instant offense of conviction.

Finally, as the Sentencing Guidelines recommend, see U.S.S.G. § 5G1.3(d), Application Note 4, a sentence for a new crime should ordinarily run consecutively to a sentence for a parole violation, for the simple reason that a sentencing court has to be able to punish a violation of release on conditions. If such sentences are run concurrently, the offender, in effect, has received no punishment for the violation of the conditional release. To be sure, the Court recognized that it had the discretion to fashion a reasonable punishment by taking into account, among the myriad of relevant factors, the fact that Crews had served a jail sentence based, in part, on the conduct upon which the instant conviction was based. As noted above, the Court did in fact take the time Crews served on the parole violation into account in resentencing him in 2020 to 168 months' imprisonment, which was 36 months less than his original sentence.

Fifth, regarding Crews's alternate request that his motion be construed as a motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), that section does not permit such a reduction unless the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." No such reasons exist here. As explained above, Section 5G1.3(b) simply does not apply in this circumstance. Moreover, to the extent Crews claims his efforts at rehabilitation warrant a reduction of sentence, as explained above, the Court already took those efforts into account in imposing a sentence that was 36 months less than the original sentence. Likewise, in imposing that sentence, the Court already took into account the fact that Crews probably spent more time than in state custody on the parole violation than he would have had he resolved that matter earlier.

In any event, even if Crews had shown extraordinary and compelling reasons, early release would not be warranted. This is because most of the Section 3553(a) factors continue to weigh strongly against Crews's early release. Although the Court commends Crews on his

4

continuing efforts to rehabilitate himself and urges him to continue to do so, the profoundly serious nature of his offense, and his lengthy criminal history, fully warranted the 168-month prison sentence at the time it was imposed, and continue to warrant such a lengthy sentence. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter Crews from future criminal conduct, argues strongly against any reduction of sentence.[1] The Court has already effectively reduced Crews's sentence from 204 to 168 months' imprisonment. No further reduction is warranted.

Accordingly, the motion is DENIED.

Chambers will mail a copy of this Order to defendant Crews at the following address:

John Crews, Jr., Reg. No. 69163-054
FCI McKean
Federal Correctional Institution
P.O. Box 8000
Bradford, PA  16701

Dated: July 5, 2023
White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge

---

[1] Crews's sincere efforts at rehabilitation mean that the need to protect the public from his further crimes is no longer a significant sentencing factor.